# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

DOMINION ENERGY INC., DOMINION )
GENERATION CORPORATION, DOMINION )
TECHNICAL SOLUTIONS, INC., and )
DOMINION RESOURCES, INC., )

              Plaintiffs, )

            v. )

ZURICH AMERICAN INSURANCE )
COMPANY, )

            Defendant. )

CIVIL ACTION No.

JURY TRIAL DEMANDED

FEBRUARY 1, 2013

## COMPLAINT AND JURY DEMAND

### Introductory Statement

This action concerns the failure of defendant, Zurich American Insurance

Company ("Zurich"), to honor its obligation under a commercial general liability

insurance policy (the "Zurich Policy") to defend plaintiffs, Dominion Energy, Inc.,

Dominion Generation Corporation, Dominion Technical Solutions, Inc., and

Dominion Resources, Inc. (collectively, the "Dominion Insureds"), against pending

litigation filed in Massachusetts Superior Court arising out of a tragic industrial

accident at the Salem Harbor Generating Station in Salem, Massachusetts (the

"Underlying Action"). As the Underlying Action has yet to be resolved, Zurich's duty

to indemnify has yet to arise and is not placed in issue herein. The Dominion Insureds

accordingly bring this action for breach of contract and for declaratory relief, pursuant

{W2199494}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

to 28 U.S.C. §§ 2201 and 2202, exclusively with respect to Zurich's duty to defend the Dominion Insureds in the Underlying Action.

## Parties

1.      Dominion Energy, Inc. is a corporation organized under the laws of the Commonwealth of Virginia, with a principal place of business at 120 Tredegar Street, Richmond, Virginia 23219.  Dominion Energy, Inc. is, in all respects material to this litigation, the successor to Dominion Energy Salem Harbor, LLC.

2.      Dominion Generation Corporation is a corporation organized under the laws of the Commonwealth of Virginia, with a principal place of business at 120 Tredegar Street, Richmond, Virginia 23219.

3.      Dominion Technical Solutions, Inc. is a corporation organized under the laws of the Commonwealth of Virginia, with a principal place of business at 701 East Cary Street, Richmond, Virginia 23219.

4.      Dominion Resources, Inc. is a corporation organized under the laws of Commonwealth of Virginia, with a principal place of business at 100 Tredegar Street, Richmond, Virginia 23219.

5.      On information and belief, defendant Zurich American Insurance Company ("Zurich") is a corporation organized under the laws of the State of New York, with a principal place of business at 1400 American Lane Tower I, 19th Floor, Schaumberg, Illinois 60196.  On information and belief, Zurich is licensed by the

{W2199494}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

- 2 -

Connecticut Insurance Department to conduct business in this state and has appointed a registered agent to accept service in this state.

## Jurisdiction and Venue

6.       Jurisdiction is based upon 28 U.S.C. § 1332(a) and (a)(1), in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

7.       Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) because Zurich is a corporation subject to personal jurisdiction in this state, and thus is deemed to reside in the District of Connecticut under 28 U.S.C. § 1391(c)(2).

## Facts

8.       On or about February 1, 2005, the Dominion Insureds and affiliated companies (collectively "Dominion") entered into a contract (the "Alliance Agreement") with Alstom Power, Inc. ("Alstom") setting forth Dominion's and Alstom's rights and obligations with respect to work to be performed by Alstom as required under purchase orders issued by Dominion and accepted by Alstom.

9.       Under Purchase Order No. 70164218 dated January 16, 2007, which is expressly subject to the Alliance Agreement, Alstom agreed to perform an inspection of Boiler Number 3 at the Salem Harbor Generating Station in Salem, Massachusetts ("Salem Station").  Pursuant to the purchase order, in or about April 2007, Dennis Nygaard ("Nygaard") of Alstom conducted an inspection of Boiler Number 3 at Salem Station.

{W2199494}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
- 3 -

10.     On or about November 6, 2007, Boiler Number 3 catastrophically failed, resulting in an explosive release of steam, hot water, and ash (the "Steam Release"). The Steam Release fatally injured Mathew Indeglia, Philip Robinson, and Mark Mansfield (the "Decedents"). Thomas Mathews ("Matthews") and Dennis Lyons ("Lyons") have alleged that they were at the site at the time of the Steam Release and came to the aid of the Decedents.

11.     On or about May 5, 2009, Mathews, Lyons, Lyons' wife, and the administrators of the Decedents' estates filed the Underlying Action in Massachusetts Superior Court (Civil Action No. 09-1856) against the Dominion Insureds, Alstom, Alstom's employee Nygaard, and others. The Underlying Action remains ongoing.

12.     The complaint in the Underlying Action alleges, *inter alia*, that Nygaard was negligent, grossly negligent, and reckless in his inspection of Boiler Number 3, and failed to warn of its dangerous condition, and thus proximately caused the Steam Release and resulting injury and death. The Underlying Action further alleges that Alstom is liable for Nygaard's negligence under principles of respondeat superior and as a result of Alstom's alleged negligent supervision of Nygaard.

13.     The complaint in the Underlying Action alleges liability on the part of the Dominion Insureds, including, *inter alia*, liability arising out of Alstom's work for the Dominion Insureds and out of the Dominion Insureds' general supervision of Alstom's work.


14.     Under the Alliance Agreement, Alstom promised to indemnify the

Dominion Insureds.  As the Alliance Agreement provides:

> ALSTOM agrees to indemnify, save harmless and, at Dominion's sole
> option, defend Dominion and Dominion's directors, officers and
> employees from and against all claims, demands, direct damages, costs,
> direct losses, liabilities, expenses, attorneys' fees including attorneys'
> fees through the appellate level, to the extent arising out of, resulting
> from, or caused by or to the extent in connection with any of the . . .
> Services performed by ALSTOM . . . for (i) third party claims for
> personal injury or death to persons . . .."

15.     Under the Alliance Agreement, Alstom further promised to obtain and

maintain insurance naming the Dominion Insureds as additional insureds, including:

> Commercial general liability insurance with bodily injury and property
> damage combined single limits of $1,000,000 per occurrence.  Such
> insurance shall include, but not be limited to, specific coverage for
> contractual liability encompassing the indemnity provisions [excerpted
> in Paragraph 14 above], personal injury liability, products/completed
> operations liability, and, where applicable, explosion, collapse,
> underground hazards coverage and watercraft (protection and
> indemnity) liability.

> and

> Umbrella or excess liability insurance with a single limit of $4,000,000.
> per occurrence in excess of the . . . commercial general liability . . .
> polic[y].

16.     The Alliance Agreement further provides that:

> The amounts of insurance required above may be satisfied by
> ALSTOM purchasing primary coverage in the amount specified or by
> ALSTOM buying a separate excess umbrella liability policy together
> with lower limit primary underlying coverage.  The structure of the
> coverage is at ALSTOM's option, so long as the total amount of
> insurance meets Dominion's requirements.

17.     The Alliance Agreement requires that such insurance be "primary with

respect to the interest of Dominion . . .."

18.     Alstom Inc., an affiliate of Alstom, obtained the Zurich Policy from Zurich, Policy No. GLO 8377004-03, with a policy period of April 1, 2007 to April 1, 2008, and per occurrence and aggregate limits of $2.5 million and $5 million respectively.  Alstom is a "Named Insured" under the Zurich Policy.

19.     On information and belief, Alstom Inc. paid all premiums due under the Zurich Policy.

20.     The Zurich Policy includes an "AUTOMATIC ADDITIONAL INSURED" endorsement, which provides that:

ANY ENTITY [A NAMED INSURED IS] REQUIRED IN A WRITTEN "INSURED CONTRACT" (HEREINAFTER CALLED ADDITIONAL INSURED) TO NAME AS AN INSURED IS AN INSURED BUT ONLY WITH RESPECT TO LIABILITY ARISING OUT OF YOUR PREMISES, "YOUR WORK" FOR THE ADDITIONAL INSURED, OR ACTS OR OMISSIONS OF THE ADDITIONAL INSURED IN CONNECTION WITH THE GENERAL SUPERVISION OF "YOUR WORK" TO THE EXTENT SET FORTH BELOW:

(1) THE LIMITS OF INSURANCE PROVIDED ON BEHALF OF THE ADDITIONAL INSURED ARE NOT GREATER THAN THOSE REQUIRED BY SUCH CONTRACT.

(2) THE COVERAGE PROVIDED TO THE ADDITIONAL INSURED(S) IS NOT GREATER THAN THAT CUSTOMARILY PROVIDED BY THE POLICY FORMS SPECIFIED IN AND REQUIRED BY THE CONTRACT.

(3) ALL INSURING AGREEMENTS, EXCLUSIONS AND CONDITIONS OF THIS POLICY APPLY.

(4) IN NO EVENT SHALL THE COVERAGES OR LIMITS OF INSURANCE IN THIS COVERAGE FORM BE INCREASED BY SUCH CONTRACT.

21.     The "AUTOMATIC ADDITIONAL INSURED" endorsement further provides that coverage for additional insureds is primary if a contract so requires.  Because the

Alliance Agreement requires it, the Zurich Policy is primary with respect to the Dominion Insureds.

> 22.    The Zurich Policy defines "Insured Contract" to include:

> That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

> 23.    The Alliance Agreement is an "Insured Contract" that requires Alstom to name the Dominion Insureds as Insureds with respect to liability arising out of or in connection with Alstom's work for the Dominion Insureds.  Accordingly, the Dominion Insureds qualify as "Insureds" under the Zurich Policy.

> 24.    Under the Zurich Policy, "Your Work" (i.e., "[Alstom's] Work"):

> a. Means:

> (1) Work or operations performed by you or on your behalf; and

> (2) Materials, parts or equipment furnished in connection with such work or operations.

> b. Includes:

> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

> (2) The providing of or failure to provide warnings or instructions.

{W2199494}

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

- 7 -

25.     The Underlying Action alleges liability on the part of the Dominion Insureds arising out of Alstom's work for the Dominion Insureds and out of the Dominion Insureds' general supervision thereof.

26.     The Zurich Policy provides that Zurich "will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this Insurance applies," and that Zurich "will have the right and duty to defend the Insured against any "suit" seeking those damages. . . ."

27.     The Zurich Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person.  This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease."

28.     The "bodily injury" alleged in the Underlying Action occurred during the policy period and was caused by an "occurrence" that took place in the "coverage territory" of the Zurich Policy.

29.     The Underlying Action is, therefore, a suit seeking damages because of "bodily injury" to which the Zurich Policy applies.

30.     On information and belief, Zurich was promptly notified of the Steam Release and the Underlying Action.

31.     All requirements to invoke Zurich's obligation under the Zurich Policy to defend the Dominion Insureds against the Underlying Action have been satisfied.

32.     Accordingly, Zurich has a duty under the Zurich Policy to defend the Dominion Insureds against the Underlying Action.

- 8 -

{W2199494}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

33.     Zurich has failed to discharge its duty to defend the Dominion Insureds against the Underlying Action.  The Dominion Insureds have, as a consequence, expended substantial sums to defend themselves against the Underlying Action.

<u>Count I</u>
**(Breach of Contract)**

34.     The Dominion Insureds reallege and incorporate herein by reference paragraphs 1-33.

35.     The Zurich Policy constitutes a binding contract of insurance.

36.     The Dominion Insureds have performed their obligations under the Zurich Policy.

37.     Zurich has breached the Zurich Policy in wrongfully refusing to defend the Dominion Insureds in connection with the Underlying Action.

38.     As a result of Zurich's breach of the Zurich Policy, the Dominion Insureds have suffered substantial damages.

<u>Count II</u>
**(Declaratory Judgment)**

39.     The Dominion Insureds reallege and incorporate herein by reference paragraphs 1-38.

40.     A controversy exists between the Dominion Insureds and Zurich concerning the existence and extent of Zurich's obligations under the Zurich Policy to defend the Dominion Insureds against the Underlying Action.

{W2199494}
CARMODY & TORRANCE LLP          50 Leavenworth Street
Attorneys at Law                Post Office Box 1110
                                Waterbury, CT 06721-1110
                                Telephone: 203 573-1200

41.     This controversy has caused substantial actual monetary loss to the Dominion Insureds.

42.     The Dominion Insureds are entitled to a declaration that Zurich has a duty under the Zurich Policy to defend the Dominion Insureds against the Underlying Action.

### **Relief Requested**

WHEREFORE, the Dominion Insureds respectfully request that this Court:

a.      Enter judgment on Count I of this Complaint against Zurich in an amount equal to the damages the Dominion Insureds have incurred as a result of Zurich's breaches of its obligations to the Dominion Insureds as additional insureds under the Zurich Policy, plus interest;

b.      Enter a declaratory judgment under Count II of this Complaint that Zurich has a duty under the Zurich Policy to defend the Dominion Insureds against the Underlying Action;

c.      Award the Dominion Insureds their costs and attorney's fees; and

d.      Grant such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiffs demand a jury trial on all claims so triable.

DOMINION ENERGY, INC.,
DOMINION GENERATION
CORPORATION, DOMINION
TECHNICAL SOLUTIONS,
INC., and DOMINION
RESOURCES SERVICES, INC.

By their attorneys,

James K. Robertson, Jr.
(Bar #ct05301)
Brian T. Henebry
(Bar #ct10002)
Carmody & Torrance LLP
50 Leavenworth Street
Waterbury, CT 06721-1110
Tel: 203-573-1200
Fax:  203-573-2600

Of counsel

Martin C. Pentz
Jeremy A. M. Evans
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  617-230-1000
Fax:  617-230-7000

Dated:  February 1, 2013

{W2199494}

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                        Post Office Box 1110
                                                Waterbury, CT 06721-1110
                                                Telephone: 203 573-1200

- 11 -